UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER WNEK | ) | |
| | ) | Case Number |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| INTEGRITY FINANCIAL | ) | |
| PARTNERS, INC. | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Amber Wnek, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Amber Wnek, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Amber Wnek, (hereafter, Plaintiff) is an adult natural person residing at 50 Love Lane, Red Lion, PA 17356. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Integrity Financial Partners, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Kansas with a primary location at 4370 W. 109th Street, Suite 100, Overland Park, KS 66211.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Over the last several months, Plaintiff has been receiving calls from the Defendant attempting to collect on a debt allegedly owed on a Discover/Wal-Mart credit card account.

8. Defendant places all calls to the Plaintiff's personal cell phone.

9. On or about March 12, 2013, Plaintiff received a call from Defendant's male agent, who refused to identify himself, only that he was trying to collect on a debt.

10. Plaintiff informed the agent that she has been out of work and cannot afford to set up payments at this time.

11. Defendant's male agent stated that he did not care how the Plaintiff got the money but that she needed to pay the $7,000.00 she owed him.

12. Plaintiff continued to explain that since the death of her husband social security benefits were her only source of income at that time.

13. Defendant's agent ignored Plaintiff and continued to demand that payment be made immediately.

14. Plaintiff was warned that failure to pay would result in the Defendant taking all of the income that comes into her home including her Social Security benefits.

15. Defendant went on further stating that if payment arrangements were not made her file would be marked as a refusal to pay and turned over for legal action.

16. Since the initial call, the Plaintiff has informed the Defendant and their agents that she was trying to pay her bills and that she is working with a debt consolidation agency to negotiate her debt.

17. Plaintiff has continuously requested that the Defendant take the number and call the debt settlement company to work out a payment plan but the Defendant refuses.

18. Defendant has sent the Plaintiff nothing in writing in regards to the collection of this account.

19. Plaintiff continues to receive harassing calls from the Defendant demanding payment, despite her continued request that the Defendant call and work with her debt settlement company.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

22. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

23. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of debt will result in garnishment or seizure |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information on a consumer |

| | |
|---|---|
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer 30 day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Integrity Financial Partners, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

32. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

33. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

34. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

35. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

36. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

38. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW
### ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

39. The foregoing paragraphs are incorporated herein by reference.

40. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

41. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

42. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

43. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

44. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: April 11, 2013　　　　BY: */s/Brent F. Vullings*
　　　　　　　　　　　　　　Brent F. Vullings, Esquire
　　　　　　　　　　　　　　Vullings Law Group, LLC
　　　　　　　　　　　　　　3953 Ridge Pike
　　　　　　　　　　　　　　Suite 102
　　　　　　　　　　　　　　Collegeville, PA 19426
　　　　　　　　　　　　　　610-489-6060
　　　　　　　　　　　　　　610-489-1997 (fax)
　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　bvullings@vullingslaw.com