IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER WNEK, | : | 1:13-cv-925 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| INTEGRITY FINANCIAL PARTNERS, INC., | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

### June 11, 2014

### **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Integrity Financial Partners, Inc.'s Motion for Summary Judgment (Doc. 12). For the reasons set forth below, the motion shall be granted.

### **I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Amber Wnek ("Wnek" or "Plaintiff") initiated this case by filing a Complaint (Doc. 1) against Integrity Financial Partners, Inc. ("Integrity" or "Defendant") on April 11, 2013 alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.* ("PFCEUA"), and

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* ("PUTPCPL").  These federal and state statutes prohibit debt collectors and creditors from engaging in abusive, deceptive, and unfair practices in obtaining collection of debts.  Plaintiff's Complaint alleges that she has received multiple calls to her personal cell phone from Defendant attempting to collect on a debt allegedly owed on a Discover/Wal-Mart credit card account.  (Doc. 1 ¶¶ 7-8). Plaintiff claims she received a call on March 12, 2013 from Defendant's male agent, who refused to identify himself, but demanded payment and warned her that failure to pay would result in legal action and seizure of her Social Security benefits.  (Doc. 1 ¶¶ 9-15).  Plaintiff claims that, since that time, she has continued to receive harassing phone calls despite her requests that Defendant contact and work with her debt settlement company.  (Doc. 1 ¶¶ 16, 17, 19).   Plaintiff also claims she has not received anything in writing regarding collection of this account.  (Doc. 1 ¶ 18).  As a result of these calls, Plaintiff alleges that she suffers from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.  (Doc. 1 ¶ 20).

On November 1, 2013, Defendant filed the instant Motion for Summary Judgment (Doc. 12) and brief in support thereof (Doc. 14) denying that the alleged misrepresentations, harassments, or violations took place.  Plaintiff filed a brief in

opposition to the motion (Doc. 17) on November 21, 2013, and Defendant filed its reply brief (Doc. 21) on January 7, 2014. Therefore, the pending motion has been fully briefed and is ripe for disposition. We shall now address the merits of Defendant's motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely

on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

**III.   DISCUSSION**

Plaintiff's federal claims are based on the FDCPA , which was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Plaintiff presents a state law claim under the PFCEUA, a similar Pennsylvania law establishing "what shall be considered unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts."  73 P.S. § 2270.2.  Plaintiff also presents a state law claim under the PUTPCPL, a Pennsylvania law prohibiting "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  73 P.S. § 201-3.

Defendant argues that it is entitled to summary judgment as to all of Plaintiff's claims for two reasons: (1) because Plaintiff fails to establish that the outstanding balance due is a "debt" as defined by the FDCPA and PFCEUA; and (2) because the evidence clearly refutes each of Plaintiff's claims as a matter of law.  We shall now discuss Defendant's arguments and determine whether it is entitled to summary judgment on any or all of Plaintiff's claims.

    **A.**     **"Debt" Under the FDCPA and PFCEUA**

Defendant contends that Plaintiff has not presented evidence that the outstanding balance due is a "debt" under the FDCPA and PFCEUA and that her failure to present evidence on this point dooms her claims. The FDCPA defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The PFCEUA similarly defines "debt" as an obligation incurred "for personal, family or household purposes." 73 P.S. § 2270.3. Defendant argues that Plaintiff has not established that her obligation to pay arose out of transactions for personal, family, or household purposes and therefore is not a "debt" subject to the FDCPA and PFCEUA.

Upon review of the documents submitted by the parties, we agree with Defendant that Plaintiff has not presented any evidence to establish that the outstanding balance is a "debt" as defined by the FDCPA and PFCEUA. Plaintiff could presumably have presented receipts, credit card statements, or even simply an affidavit declaring that the credit card at issue was only used for personal, family, and household purposes. Instead, she has failed to produce any evidence on this point. Although Plaintiff has alleged in her Complaint and argued in her

briefs that her alleged obligation is a "debt" under the FDCPA and PFCEUA, these allegations and arguments are not evidence. *See Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000); *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

Additionally, Plaintiff's contention that "[t]he allegations in the complaint are unrefuted by any evidence provided by the Defendant" confuses the burdens placed on the parties. (Doc 17 at 7). Defendant need not disprove the allegations in the Complaint, but merely point out the absence of evidence supporting an essential element of Plaintiff's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). As we have noted above, the burden then shifts to Plaintiff to demonstrate a "genuine issue for trial" - a sufficient evidentiary basis for a reasonable jury to find in her favor. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986). Plaintiff has failed to point to any such evidence. Plaintiff instead blames Defendant, saying it "failed to respond to Plaintiff's discovery requests and never took the Plaintiff's deposition." (Doc. 17 at 7). The first point we cannot take seriously because Plaintiff never alerted the Court to any such alleged dispute prior to the close of discovery. The second point may well be true, but carries no weight because we do not operate in a world where it is Defendant's duty to establish the elements of Plaintiff's case for her. Again, Plaintiff seems to believe

that allegations are enough and that Defendant is at fault if there is no evidence. Neither is true. Despite ample opportunity, Plaintiff has failed to produce any evidence that her alleged obligation is a qualifying "debt." Therefore, we must grant summary judgment for Defendant on Plaintiff's FDCPA and PFCEUA claims.

### B. Plaintiff's PUTPCLC Claim

Having found in Defendant's favor on Counts I and II, we now turn to Plaintiff's claim under the PUTPCLC contained in Count III. This is a state law claim based on Pennsylvania law, and so our jurisdiction to consider it is based on supplemental jurisdiction. It is well-established that a federal court may only exercise supplemental jurisdiction "as long as there is a federal claim which gives the court jurisdiction." *Ambromovage v. United Mine Workers of America*, 726 F.2d 972, 989 n. 48 (3d Cir. 1984). Because we have granted Defendant's Motion for Summary Judgment with respect to Counts I and II, there is no longer a federal claim at issue in this case. We decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and shall dismiss Count III of her Complaint without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the foregoing reasons, we shall grant Integrity Financial Partners, Inc.'s

Motion for Summary Judgment (Doc. 12) as to Counts I and II and decline to exercise supplemental jurisdiction over Count III.  An appropriate Order shall issue.